

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| THYSSENKRUPP MATERIALS NA, INC., | ) ) | Case No. CV 15-3740 FMO (PJWx) |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER** |
| JIN CHUAN (U.S.A.) INC., et al., | ) ) | |
| Defendants. | ) ) ) | |

Having reviewed all the briefing filed with respect to defendants' Motion to Dismiss or, in the Alternative, to Strike Claim for an Award of Attorney's Fees and Punitive Damages ("Motion"), the court concludes as follows.

Many motions to dismiss can be avoided if the parties confer in good faith (as required by Local Rule 7-3), especially for perceived defects in a complaint, answer or counterclaim that could be corrected by amendment. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment). Moreover, a party has the right to amend the complaint "once as a matter of course[.]" Fed. R. Civ. P. 15(a)(1). Even after a complaint has been amended or a responsive pleading has been served, the Federal Rules of Civil Procedure provide that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." Owens v. Kaiser Found. Health Plan,

Inc., 244 F.3d 708, 712 (9th Cir. 2001); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

Given the policy favoring amendment of complaints and that plaintiff is, in effect, entitled to amend the complaint, "once as a matter of course," see Fed. R. Civ. P. 15(a)(1), the court will grant defendants' Motion and dismiss plaintiff's Complaint with leave to amend.  In preparing the amended complaint, plaintiff shall carefully evaluate the contentions set forth in defendants' Motion.  In particular, plaintiff should pay particular attention to the following:

As to the first and second causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing, plaintiff should attach the contract between BenMet Metals, LLC ("BenMet") and defendant Jinchuan (U.S.A.) Inc. ("Jinchuan") as well as the assignment of that contract to plaintiff.  Alternatively, plaintiff should plead the actual, relevant terms of the agreement and assignment.  If the agreement or assignment are oral, plaintiff must expressly say so and plead the circumstances giving rise to the existence, terms, and effect of such agreements.

As to the third and fourth causes of action for intentional or negligent interference with prospective economic relations, plaintiff must clearly articulate the element of independently wrongful act.  See Korea Supply Co. v. Lockheed Martin Corp., 29 Cal.4th 1134, 1158 (2003).

As to the fifth cause of action for unjust enrichment, to the extent California law applies, "[u]njust enrichment is not a cause of action, however, or even a remedy, but rather a general principle, underlying various legal doctrines and remedies." McBride v. Boughton, 123 Cal.App.4th 379, 387 (2004) (citing Melchior v. New Line Prods., Inc., 106 Cal.App.4th 779, 793  (2003)) (internal quotation marks omitted).

As to the seventh cause of action for violations of § 17200 of the California Business and Professions Code, plaintiff must clearly allege what acts constitute "unlawful," "unfair," or "fraudulent" business practices.  "An unlawful business practice under the UCL is anything that can properly be called a business practice and that at the same time is forbidden by law." Morgan v. AT&T Wireless Servs., Inc., 177 Cal.App.4th 1235, 1254 (2009).  However, "[a] breach of contract, and by extension, a breach of the implied covenant of good faith and fair dealing, is not

itself an unlawful act for purposes of the UCL." Boland, Inc. v. Rolf C. Hagen (USA) Corp., 685 F.Supp.2d 1094, 1110 (E.D. Cal. 2010).  This is because "contractual duties are voluntarily undertaken by the parties to the contract, not imposed by state or federal law." Smith v. Wells Fargo Bank, N.A., 135 Cal.App.4th 1463, 1484 (2005).  Under the "unfair" prong, plaintiff must allege an incipient violation of the antitrust laws. Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal.4th 163, 186 (1999) (injury to a competitor is not equivalent to injury to competition; only the latter is the proper focus of antitrust laws).  Under the "fraudulent" prong, "[t]he test is whether the public is likely to be deceived." State Farm Fire & Casualty Co. v. Super. Ct., 45 Cal.App.4th 1093, 1105 (1996) (emphasis added) abrogated on other grounds in Cel-Tech Commc'ns, 20 Cal.4th at 186-87.  Moreover, "under the UCL, prevailing plaintiffs are generally limited to injunctive relief and restitution." Korea Supply, 29 Cal.4th at 1144 (internal quotation marks and alterations omitted).

The court expects that defendants will agree to any amendments that will cure the alleged defects.  But if, after reviewing the amended complaint, defendants decide to file a motion to dismiss, defendants must distinguish the causes of action they seek to dismiss pursuant to Rule 12(b)(6) from those they seek to dismiss pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.  Defendants are also advised that the court is skeptical that the contract between BenMet and Jinchuan constitutes a "personal services contract" because neither BenMet nor Jinchuan are individuals, but rather, entities.

Based on the foregoing, IT IS ORDERED THAT:

1.      Defendant's Motion to Dismiss **(Document No. 10)** is **granted**, and the hearing on defendant's Motion, currently set for August 13, 2015, is hereby **vacated**.

2.      The Complaint for Damages (**Document No. 1**) is **dismissed with leave to amend**.

3.      If plaintiff still wishes to pursue this action, it is granted until **August 24, 2015**, to file a First Amended Complaint attempting to cure, to the extent it believes is warranted by existing law, the alleged defects outlined in defendant's Motion.

4.      The amended complaint must be labeled "First Amended Complaint," filed in compliance with Local Rule 3-2 and contain the case number assigned to the case, i.e., Case No.

CV 15-3740 FMO (PJWx).  In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make its First Amended Complaint complete.  Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading.  This is because, as a general rule, an amended pleading supersedes the original pleading.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part, Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012) (en banc).

5.     Plaintiff is cautioned that failure to timely file a First Amended Complaint may result in this action being dismissed without prejudice for failure to prosecute and/or failure to comply with a court order.  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

6.     Defendants shall file their Answer to the First Amended Complaint or a motion pursuant to Rule 12 of the Federal Rules of Civil Procedure no later than **September 10, 2015**.

7.     In the event defendant wishes to file another motion to dismiss, then counsel for the parties shall, on **August 31, 2015, at 10:00 a.m.**[1] meet and confer at plaintiff's counsel's office to discuss defendants' motion to dismiss.  Defendants' motion must include copies of all meet and confer letters as well as a declaration that sets forth, in detail, the entire meet and confer process (i.e., when and where it took place, how long it lasted and the position of each attorney with respect to each disputed issue that will be the subject of the motion).  Failure to include such a declaration will result in the motion being denied.

Dated this 5th day of August, 2015.


_____
                    /s/
                Fernando M. Olguin
            United States District Judge


---

[1]  Counsel may agree to meet and confer at another time and place without seeking court approval for such an agreement.